IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ALEXANDER KENNEDY,<br><br>    Plaintiff,<br><br>vs.<br><br>GENERAL WHOLESALE BEER<br>COMPANY OF NORTH GEORGIA<br>and DAVE GUEBERT,<br><br>    Defendants. | Civil Action File No.<br>1:15-cv- |

## COMPLAINT

Plaintiff, Alexander Kennedy, by and through his counsel of record, Robert N. Marx of Marx & Marx, L.L.C., as and for his Complaint, respectfully alleges as follows:

PARTIES

1.

Plaintiff, Alexander Kennedy, (hereinafter "Plaintiff" or "Mr. Kennedy") is a natural born United States citizen residing within the Northern District of Georgia.

1

2.

On information and belief, Defendant, General Wholesale Beer Company of North Georgia (hereinafter "General Wholesale Beer Company") is a domestic corporation doing business in the Northern District of Georgia.

3.

On information and belief, the registered agent for service of process on General Wholesale Beer Company is William D. Young, Jr., 710 Ashby Street, N.W., Atlanta, GA 30318.

4.

On information and belief, Defendant, Dave Guebert ("Mr. Guebert") is a natural born person residing in the Northern District of Georgia.

5.

On information and belief, Mr. Guebert may be served at his place of business, 710 Ashby Street, N.W., Atlanta, GA 30318.

## JURISDICTION

6.

The jurisdiction of this Court is invoked pursuant to §216(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §216(b), as well as by 28 U.S.C. §§1331.

## JURISDICTIONAL ALLEGATIONS

7.

Defendant General Wholesale Beer Company is engaged in commerce as defined under the Fair Labor Standards Act ("FLSA") at 29 U.S.C.§203(b) and has been and continues to be so engaged during the time of Plaintiff's employment.

8.

On information and belief, Defendant General Wholesale Beer Company is an "enterprise engaged in commerce or in the productions of goods or services for commerce" as defined in 29 U.S.C. §§203(r) and (s). On information and belief, at all relevant times Defendant General Wholesale Beer Company had and continues to have an annual business dollar volume of at least $500,000.

9.

On information and belief at all relevant times Defendant General Wholesale Beer Company had and continues to have two or more employees of its enterprise individually engaged in commerce or who otherwise individually meet the traditional test of coverage.

10.

Plaintiff was individually covered by the FLSA as he utilized the instrumentalities of commerce while he performed his job duties for Defendant General Wholesale Beer Company.

11.

At all relevant times and continuing, Defendant Dave Guebert was and remains an employer as defined by the FLSA at 29 U.S.C. §203(d) in that Mr. Guebert acted "directly or indirectly in the interest of an employer in relation to an employee."

## VENUE

12.

Venue is appropriate pursuant to 28 U.S.C. §1391 in that the Northern District of Georgia is the judicial district in which a substantial part of the events giving rise to this claim occurred.

## NATURE OF THIS ACTION

13.

This is an action brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§201 *et seq.* to recover unpaid overtime compensation, liquidated damages, attorneys' fees and costs.

## FACTS

14.

Plaintiff, Alexander Kennedy has been employed by Defendants since on or about April 30, 2015 and continues to be so employed.

15.

At all relevant times, Mr. Kennedy has been and continues to be employed as a local truck driver. Mr. Kennedy has not ever and does not currently supervise any employees.

16.

Throughout the time that Mr. Kennedy has been employed by Defendants, he regularly worked and continues to work in excess of forty (40) hours per week.

17.

Despite the fact that Mr. Kennedy worked and continues to work more than forty (40) hours per week on a regular basis, Defendants have not and do not pay Mr. Kennedy overtime pay for any of that overtime.

<u>FIRST CAUSE OF ACTION</u>
<u>Violation of 29 U.S.C.§216(b)</u>
<u>(Fair Labor Standards Act [FLSA])</u>
<u>(Failure to Pay Overtime)</u>

18.

Plaintiff incorporates the allegations of ¶¶1 – 17 to the same force and effect as if pled herein.

19.

Defendants repeatedly and willfully violated the provisions of §§7 and 15(a)(2) of the FLSA, 29 U.S.C. §§207 and 215(a)(2), by employing individuals, including Plaintiff, engaged in commerce, for work weeks longer than 40 hours

without compensating such employees for their employment in excess of such hours at rates not less than one and one-half times the regular rates at which they were employed.

20.

Plaintiff was regularly compelled to work more than 40 hours per week but was not paid overtime compensation as required under the FLSA.

21.

Plaintiff was not an exempt employee under the FLSA.

22.

Defendants' violations of the overtime pay requirements set forth in the FLSA were systematic, voluntary and willful.

23.

Defendants owe Plaintiff overtime pay for work performed but not compensated in an amount to be determined in this action, plus liquidated damages in an equal amount pursuant to 29 U.S.C. §216(b).

SECOND CAUSE OF ACTION
Violation of 29 U.S.C.§§211(c),
215(a)(5) and 29 CFR §516)
(Fair Labor Standards Act [FLSA])
(Failure to Maintain Time Records)

24.

Plaintiffs incorporate the allegations of ¶¶1 – 23 to the same force and effect as if pled herein.

25.

Within the preceding four years, Defendants, as employers subject to the provisions of the FLSA, repeatedly violated the provisions of §§11(c) and 15(a)(5) of the FLSA, 29 U.S.C. §§211(c) and 215(a)(5) and the Department of Labor Regulations at 29 CFR §516, by failing to make, keep and preserve adequate and accurate records of the persons employed, and of the wages, hours and other conditions and practices of employment maintained by them.

26.

Plaintiff is entitled to relief shifting the burden of proof to the Defendants with regard to the amount of overtime worked due to the violations of §§11(c) and 15(a)(5) of the FLSA, 29 U.S.C. §§211(c) and 215(a)(5) and the Department of Labor Regulations at 29 CFR §516.

REQUEST FOR RELIEF

WHEREFORE Plaintiff requests that this Court:

(a) Enter judgment awarding Plaintiff unpaid wages pursuant to the FLSA §7, 29 U.S.C. §207 and FLSA §6, 29 U.S.C. §206; liquidated damages, pre-judgment interest on unpaid wages, court costs, expert witness fees, and reasonable attorneys' fees as provided under FLSA §16, 29 U.S.C. §216; and all other remedies allowed under the FLSA;

(b) Enter judgment awarding Plaintiff unpaid wages pursuant to the FLSA §7, 29 U.S.C. §207 and FLSA §6, 29 U.S.C. §206; liquidated damages, and pre-judgment interest on unpaid wages for willful violation of the FLSA;

(c) Grant declaratory judgment declaring that Plaintiff's rights have been violated; and

(d) Award Plaintiff such further and additional relief as may be just and appropriate; and

(e) Plaintiff demands TRIAL BY JURY.

This 2nd day of April 2015.

    s/ROBERT N. MARX
Robert N. Marx, Esq.
Georgia Bar No. 475280
Jean Simonoff Marx, Esq.
Georgia Bar No. 475276
Marx & Marx, L.L.C.
5555 Glenridge Connector
Suite 200

8

                Atlanta, Georgia 30342
                Telephone:  (404) 261-9559
                lawyers@marxlawgroup.com
                Attorneys for Plaintiff